UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C18-5757 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ misevaluated the medical evidence, Bruce Justinen's testimony, and plaintiff's testimony. Dkt. 10 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.  Medical Evidence**

Plaintiff contends the ALJ misevaluated the opinions of Matthew Comrie, Psy.D., Michael Brown Ph.D., David Correia, Ph.D., Allison Aosved, Ph.D., Tmonas Meacham, M.D. and Paul Spataro, N.P.

*1.  Dr. Comrie*

The ALJ gave significant weight "to the June 28, 2017 psychiatric review technique an mental RFC assessment from DDS psychological consultant Matthew Comrie, Psy.D." Tr. 375. Plaintiff contends the ALJ erred by omitting from the RFC determination, Dr. Comrie's opinion that "Claimant would do best w/superficial interaction w/the general public, a small group of coworkers, and supervisors." Dkt. 10 at 4 (citing Tr. 509). There is no dispute the ALJ failed to discuss this limitation or include it in the RFC determination. However, the Commissioner argues the ALJ's RFC determination accounts for Dr. Comrie's opinion by limiting plaintiff to "only occasional interaction with the public and co-workers and with no greater than occasional supervision. Dkt. 15 at 7.

The argument is misplaced. The ability to have occasional contact does address the quality of the contact or the number of other people with whom contact is made. This is evident as one could have a job that involves occasional contact but requires deep or significant interaction. Similarly one could have a job that involves occasional contact but requires contact with a large group of individuals. In short, the ALJ's RFC determination does not account for Dr. Comrie's opinion that plaintiff is limited to jobs with superficial contact and small groups. Because the RFC assessment conflicts with an opinion from a medical source, the ALJ is required to explain why the opinion was not adopted." Social Security Ruling ("SSR") 96–8p. Here, the ALJ harmfully failed to discuss the limitation at issue.

The Commissioner alternatively argues that under *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015), the ALJ did not err because Dr. Comrie's opinion does not set forth a limitation and is merely a recommendation. In *Rounds,* the claimant argued the ALJ erred "by ignoring some of Dr. McKenna's 'treatment recommendations.'" *Id*. Thus in *Rounds*, there was no dispute that what was at issue was a recommendation, not an opinion about

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

a limitation. In contrast, Dr. Comrie's opinion "Claimant would do best w/superficial interaction w/the general public, a small group of coworkers, and supervisors," is not a "recommendation"; instead, the doctor provided this opinion in answer to the directive to "Explain in narrative form the social interaction capacities and / or limitations." Tr. 509. The only reasonable interpretation of Dr. Comrie's opinion is that he was setting for a functional limitation, not merely making a "recommendation."

### *2.     Dr. Brown*

Dr. Brown opined plaintiff is limited to simple, routine and repetitive tasks. Plaintiff contends the ALJ erroneously rejected the opinion. Dkt. 10 at 6. The ALJ discounted the opinion in favor of Dr. Comrie's contrary opinion. Tr. 375. This is a valid reason because the ALJ is entitled to weigh the evidence and to reject a reviewing doctor's opinion in favor or another reviewing medical opinion. Plaintiff however contends the ALJ erred because Dr. Comrie's opinion supports Dr. Brown's. Plaintiff argues Dr. Comrie found plaintiff can perform unskilled work which is consistent with Dr. Brown's opinion. The argument is misplaced. Dr. Comrie did not find plaintiff was limited to such work, and that plaintiff could not perform past more skilled work. *See* Tr. 510. Further the argument disregards Dr. Comrie's opinion that plaintiff can "sustain adequate attention, concentration, and pace to perform a usual work day and work week of simple and complex tasks. Clmt is currently working towards his bachelor's degree." Tr. 508.

Plaintiff argues the ALJ nonetheless erred claiming there is other evidence of record supporting Dr. Brown's opinion. But the argument does not address the ALJ's valid reliance on Dr. Comrie's opinion as grounds to reject Dr. Brown's opinion. The court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial

evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Hence the Court declines reverse the ALJ where the ALJ relied upon a valid reason to reject an opinion.

Plaintiff also argues the ALJ erred because Dr. Comrie reviewed the same evidence as Dr. Brown. The argument does not undermine the ALJ's prerogative to weigh the evidence. Rather it requires the Court to reweigh the evidence which the Court declines to do. Finally, the Court has considered plaintiff's argument the ALJ improperly interpreted Dr. Comrie's opinions. Plaintiff's interpretation of Dr. Comrie's opinions might be reasonable but so is the ALJ's. Where evidence exists to support more than one reasonable interpretation of the evidence—the claimant's and the ALJ's—the Court is required to affirm the ALJ's interpretation.

### 3. *Drs. Correia and Aosved*

Plaintiff contends the ALJ erroneously discounted the opinions of Drs. Correia and Aosved regarding his mental health limitations. Dkt. 10 at 7-8. In specific plaintiff argues the ALJ "passed over" the doctors' opinions and failed to give specific and legitimate reasons to reject the opinions. *Id.* at 8. While the ALJ did not refer to the doctors by name, the ALJ did review the medical records containing their opinions noting "impairments of Depression and PTSD . . . with symptoms of loss of interest in activities, irritability, hypervigilance, avoidance, disturbed sleep, intrusive memories and anxiety." Tr. 373. The ALJ found the longitudinal record shows plaintiff has normal affect and euthymic mood and has no deficits in cognition or concentration, and that plaintiff reported improved level of irritability with treatment, only mild levels of anxiety and no side effects from medications. *Id.* The ALJ thus cited to the specific portions of the record to discount the doctors' opinions.

The ALJ's citation to the record and discussion thus provides the Court with a sufficient basis to understand and review the ALJ's determination. The fact the ALJ did not mention the

doctors' names (i.e. "passed over" them) therefore does not constitute harmful error. Further the ALJ provided valid reasons to discount the doctors' opinions as the ALJ is entitled to discount medical opinions that are inconsistent with treatment records or other medical evidence of record. The Court accordingly affirms the ALJ's determination.

### *4.  Dr. Meacham and Mr. Spataro*

Plaintiff contends the ALJ erroneously rejected the opinions of Mr. Spataro and Dr. Meacham. The ALJ rejected the opinions as inconsistent with the longitudinal record "particularly the records routinely finding the claimant with normal mental status examinations, normal affect and mood, intact cognition, memory and judgment and decreased symptoms of irritability." Tr. 375. Plaintiff claims since the doctors had access to plaintiff's records, the ALJ should not have rejected their opinions. The claim is off-point. The ALJ is entitled to weigh the evidence, and if the ALJ finds, as he did here, that the evidence undercuts a medical opinion, the ALJ is also entitled to discount the opinion. The Court affirms the ALJ's determination.

### *5.  Mr. Justinen*

Mr. Justinen, plaintiff's former employer, wrote a letter to the Department of Labor and Industries regarding plaintiff's allegation his wages were being illegally withheld. Dkt. 10 at 10-11. Plaintiff argues the ALJ erroneously failed to incorporate Mr. Justinen's concerns that plaintiff cannot get along with others, and cannot reliably complete regular work. *Id.* The record does not support the argument.

Mr. Justinen did not say plaintiff cannot work with others due to a disabling condition. In fact, Mr. Justinen makes no mention of any disabling condition. Rather Mr. Justinen said plaintiff was not a nice person to be around, plaintiff failed to do things he promised to do, and plaintiff was making claims against him that were untrue. Tr. 712-13. The ALJ considered Mr.

Justinen's concerns about plaintiff's problems getting along with him, and in view of the concern restricted plaintiff to work requiring no more than occasional interaction with co-workers and occasional supervision. Tr. 375. But there is nothing in Mr. Justinen's letter indicating that plaintiff was more limited than set forth by the ALJ.

As to plaintiff's claim Mr. Justinen stated plaintiff could not reliably complete a regular work schedule, there is nothing in the letter indicating this is a result of any disabling condition. Rather the letter explains why plaintiff's wage claim against Mr. Justinen is unsupported. Mr. Justinen indicates plaintiff missed work or left work early, would not compete paperwork he promised to complete, and failed to fulfill his work obligations. There is nothing indicating Mr. Justinen believed plaintiff was unable to come to work regularly or was unable to perform his work duties. The Court according affirms the ALJ's determination.

### 6. *Plaintiff's Testimony*

Plaintiff contends the ALJ erred in rejecting his testimony about his ability to get along with others, inability to work due to mental exhaustion, and need to lie down. Dkt. 10 at 12. The ALJ rejected plaintiff's testimony about the severity of his mental or cognitive symptoms as inconsistent with the medical evidence. Tr. 373. As discussed above, the Court finds the ALJ erred in rejecting Dr. Comrie's opinion that plaintiff is limited to work with superficial interaction with the general public, and a small group of coworkers, and supervisors. The ALJ's rejection of this portion of plaintiff's testimony should accordingly be reassessed on remand along with the reassessment of Dr. Comrie's opinions.

However, the Court also found the ALJ did not err in discounting the other medical, other source and lay evidence discussed above. As such the ALJ properly rejected the other mental and

cognitive symptoms plaintiff claims he suffers from as inconsistent with the record, and the Court accordingly affirms the ALJ in this regard.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Court finds the record is not complete and that as further development of the record is appropriate remand for an award of benefits should not be ordered. On remand, the ALJ shall reassess Dr. Comrie's opinion, reassess plaintiff's testimony as noted above, develop the record and redetermine plaintiff's RFC as needed and proceed to step five as appropriate.

DATED this 1st day of April 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge